# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TROY STENVOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **Case No.:** |
| CCS COMPANIES d/b/a CREDIT COLLECTION SERVICES, | ) ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| Defendant. | ) ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

TROY STENVOLD ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CCS COMPANIES d/b/a CREDIT COLLECTION SERVICES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Newnan, Georgia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or in the alternative is a non-debtor granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

7. Defendant is a debt collection company that with its headquarters located at 2 Wells Avenue, Newton, Massachusetts.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to an AT&T account that Plaintiff does not owe, and has never owed.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. The debt could not have been a business debt, as Plaintiff owes no business debt.

13. In or around June 2011, Plaintiff returned cable television equipment to AT&T.

14. Upon receiving the returned cable equipment, AT&T notified Plaintiff that he did not owe any balance on the AT&T account.

15. Despite this, in or around August 2011, Defendant's collectors began making repeated attempts to collect money from Plaintiff, for the AT&T account.

16. Plaintiff repeatedly explained to Defendant's collectors that he does not owe this debt, and he has never owed this debt.

17. Despite Plaintiff's clear and honest statement, Defendant continued to call Plaintiff and demand payment for the alleged debt.

18. During one of Defendant's conversations with Plaintiff in August 2011, Defendant's collector threatened that if Plaintiff did not make immediate payment, then Defendant would "ruin" Plaintiff's credit.

19. Additionally, a representative from AT&T confirmed to Plaintiff on the telephone that he did not owe this debt.

20. Despite this, Defendant continued to harass Plaintiff with demands that he pay the account.

21. Additionally, Defendant falsely reported the AT&T debt on Plaintiff's credit report, despite having constructive knowledge that the debt was invalid.

22. Plaintiff believes that Defendant harassed Plaintiff intentionally under the assumption that its intimidation and false credit reporting would cause Plaintiff to submit to Defendant's wrongful demand of payment.

23. Defendant's false accusation that Plaintiff owed this debt caused Plaintiff anxiety and frustration.

24. As alleged above, calls to Plaintiff were not merely for a debt that Plaintiff did not owe, but were continued intentionally and accompanied by demands for payment from Plaintiff, despite the collector knowing that Plaintiff had stated that he did not owe such debt.

25. Defendant acted as described herein with the intent to harass, deceive and upset Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

27. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly, when it sought to collect a debt that Plaintiff did not owe, and when it engaged in other harassing and abusive conduct.

### COUNT II

28. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

29. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making a false representation of the amount, or legal status of any debt.

30. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

31. Defendant violated § 1692e, § 1692e(2)(A)), and § 1692e(10) of the FDCPA when it attempted to collect a debt from Plaintiff, which Plaintiff did not owe.

## COUNT III

32. Section 1692e(8) of the FDCPA prohibits debt collectors from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.

33. Defendant violated § 1692e(8) of the FDCPA when it threatened to report a debt that Plaintiff did not owe and disputed, and when it falsely reported the debt on Plaintiff's credit report.

## COUNT IV

34. Section 1692(f) of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

35. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it attempted to collect a debt that Plaintiff did not owe, when it threatened to report and when it did report false information on Plaintiff's credit report, and when it engaged in other unfair conduct.

## COUNT V

36. Section 1692(f)(1) of the FDCPA prohibits the collection of any amount, unless expressly authorized by the agreement creating the debt or permitted by law.

37. Defendant violated § 1692f(1) of the FDCPA when it attempted to collect a debt from Plaintiff that Plaintiff did not owe.

WHEREFORE, Plaintiff, TROY STENVOLD, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TROY STENVOLD, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 03/26/2012

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID # 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 778-2864
Email: kimmel@creditlaw.com